# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

No. 22-40787

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Javier Zelaya-Guerra,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-98-1

———————————————————————

Before Clement, Engelhardt, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Carlos Javier Zelaya-Guerra appeals the district court's denial of his Federal Rule of Criminal Procedure 29(a) motion for judgment of acquittal following his conviction for one count of unlawful possession of a firearm and ammunition by an undocumented alien, in violation of 18 U.S.C. § 922(g)(5)(A). Zelaya-Guerra argues that the district court erred in denying his motion for acquittal contending there is insufficient evidence establishing

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that he "knew he was in the country unlawfully" at the time of the offense. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

We review *de novo* claims regarding the denial of a motion for judgment of acquittal, but we afford great deference to the jury verdict. *United States v. Ragsdale*, 426 F.3d 765, 770-71 (5th Cir. 2005). "Moving for a judgment of acquittal is considered to be a challenge to the sufficiency of the evidence." *United States v. Zamora-Salazar*, 860 F.3d 826, 831 (5th Cir. 2017).

After "viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict," *Ragsdale*, 426 F.3d at 770-71, we conclude that the evidence, including Zelaya-Guerra's nervous behavior, inconsistent statements, and statements evincing his knowledge that his adjustment of status was ongoing during the pertinent traffic stop, was sufficient to establish that Zelaya-Guerra knew at the time of offense that he was in the country unlawfully. *See Rehaif*, 139 S. Ct. at 2200; *see also United States v. Diaz-Carreon*, 915 F.2d 951, 954–55 (5th Cir. 1990). Because the jury verdict was rational based on this evidence, the district court did not err by denying the motion for judgment of acquittal. *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

AFFIRMED.